NOT DESIGNATED FOR PUBLICATION

No. 113,980
No. 113,981
No. 113,982

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MEAGEN TINDLE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; HAROLD E. FLAIGLE, judge. Opinion filed September 2, 2016. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, C.J., HILL and ATCHESON, JJ.


*Per Curiam*: Defendant Meagen Tindle appeals the decision of the Sedgwick County District Court revoking her probation in four cases and ordering her to serve the underlying prison sentences. She contends the district court abused its discretion in that ruling. Given Tindle's ongoing abuse of drugs and criminal behavior, we cannot agree and, therefore, affirm the district court.

1

This chapter in Tindle's life began in 2011 when she was charged with and later convicted of felony drug possession. While she was on bond in that case, she was charged with and convicted of aggravated assault and theft, crimes often associated with obtaining money to buy illegal drugs. Tindle was placed on probation in those cases and monitored through Sedgwick County's drug court program. We need not catalogue the details of Tindle's difficult journey down that path aimed at rehabilitating criminals whose unlawful behavior appears to be tied to their addiction. Tindle repeatedly violated the terms of her probation by testing positive for controlled substances, missing drug tests, and failing to complete treatment programs and community service obligations. Along the way, Tindle also picked up additional criminal convictions. The district court revoked and reinstated Tindle's probation and imposed escalating intermediate jail sanctions, as outlined in K.S.A. 2015 Supp. 22-3716(c).

In March 2015, Tindle was alleged to have violated her probation by attempting to circumvent a drug test and by admitting to abusing both illegal and prescription drugs. During a hearing in district court, Tindle did not dispute the allegations. The district court again revoked her probation and outlined her repeated failures over several years in trying to remain free of illegal drugs and related crimes. The district court concluded Tindle would no longer benefit from probation and might be better able to deal with her addiction in a highly restrictive prison setting. The district court ordered Tindle to serve modified sentences in her four open criminal cases, resulting in a controlling 49-month term of imprisonment. Tindle has appealed.

Tindle acknowledges the district court followed the statutory requirements for imposing intermediate sanctions on probationers before requiring them to serve prison sentences. See K.S.A. 2015 Supp. 22-3716(c). She submits the district court's decision to send her to prison was so singularly harsh as to be an abuse of judicial discretion.

Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. See *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008).

A defendant's stipulation to the alleged violations satisfies the first step. Here, Tindle so stipulated, obviating the State's duty to prove the violations by a preponderance of the evidence. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006); *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007), *rev. denied* 286 Kan. 1183 (2008). After a violation has been established, the decision to revoke probation and then to reinstate the probationer with some sanction or to send the revoked probationer to prison rests within the district court's sound discretion. See *Skolaut*, 286 Kan. at 227-28. Judicial discretion has been abused if the district court's decision is arbitrary, fanciful, or unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158, *cert. denied* 135 S. Ct. 728 (2014). Tindle carries the burden of showing that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Tindle does not suggest the district court misapplied the governing law or mistook the relevant facts. Rather, as we have said, she contends the decision to send her to prison was so extreme that no reasonable judicial officer would come to that conclusion under the circumstances. We disagree.

As we have indicated, the district court afforded Tindle repeated opportunities to succeed on probation despite her chronic transgressions. Over several years, Tindle could not refrain from abusing drugs for extended periods, failed to comply with treatment regimens and other probation conditions, and continued to engage in criminal behavior.

3

Faced with Tindle's inability to succeed in a comparatively structured probation setting coupled with the imposition of substantial intermediate sanctions, the district court fairly concluded a prison environment might provide a sharper spur for rehabilitation.

Under these circumstances, we conclude the decision to revoke Tindle's probation easily rested within the discretionary authority afforded the district court and comported with what many other district courts would do in like cases. There was no abuse of discretion.

Affirmed.